**TO: Clerk's Office**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE**

**TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Complaint and Arrest Warrant

20 MJ 780
_____
Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff _____ Defendant _____ DOJ __✓__

Name: Gillian Kassner

Firm Name: USAO EDNY

Address: _____ 271 Cadman Plaza East

Brooklyn, NY 11201

Phone Number: 718.254.6224

E-Mail Address: gillian.kassner@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES _____ NO __✓__

**If yes, state description of document to be entered on docket sheet:**

_____

_____

**A) If pursuant to a prior Court Order:**

Docket Number of Case in Which Entered: _____

Judge/Magistrate Judge: _____

Date Entered: _____

**B) If a new application,** the statute, regulation, or other legal basis that

authorizes filing under seal

risk of flight or destruction of evidence

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE,**

**AND MAY NOT BE UNSEALED UNLESS ORDERED BY**

**THE COURT.**

DATED: Brooklyn _____ , NEW YORK

September 9, 2020

_Cheryl Pollak_

**U.S. DISTRICT JUDGE/U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE September 9, 2020

_____
DATE

**MANDATORY CERTIFICATION OF SERVICE:**

**A.)** ____ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ____ Service is excused by 31 U.S.C. 3730(b), or by

the following other statute or regulation: ____ ; or **C.)** _✓_ This is a criminal document submitted, and flight public safety, or security are significant concerns.

(Check one)

September 9, 2020
_____
DATE

_____
SIGNATURE

WK:GK
F#. 2019R01708

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA          COMPLAINT

    - against -                                    (T. 18, U.S.C., § 1920)

TWANNA LEE,                                      20 MJ 780

               Defendant.

– – – – – – – – – – – – – – – – – – X

EASTERN DISTRICT OF NEW YORK, SS:

        ALBERT LAROCCA, being duly sworn, deposes and states that he is a

Special Agent with the United States Postal Service, Office of Inspector General ("USPS

OIG"), duly appointed according to law and acting as such.

        From at least in and around March 2019, up to and including March 2020,

within the Eastern District of New York, the defendant TWANNA LEE, did knowingly and

willfully falsify, conceal and cover up one or more material facts, and make one or more

false, fictitious and fraudulent statements and representations, and make and use one or more

false statements and reports knowing the same to contain one or more false, fictitious and

fraudulent statements and entries in connection with an application for and receipt of

compensation and other benefits and payment under Title 5, United States Code, Sections

8102 et seq., which benefits exceeded $1000, to wit: LEE, in applications for federal

compensation for work-related injuries, stated falsely that she did not have employment

outside of her federal job during the time she claimed federal worker's compensation.

(Title 18, United States Code, Section 1920)

The source of your deponent's information and the grounds for his belief are

as follows:[1]

       1.     I am a Special Agent with the USPS OIG.  I have been personally

involved in investigations into federal worker's compensation fraud.  The information in this

Complaint comes from my personal involvement in the investigation, my conversations with

other law enforcement agents and my review of various reports and records.  Unless

specifically indicated, all conversations and statements described in this affidavit are related

in sum and substance and in part only.

<u>THE REGULATORY SCHEME</u>

       2.     Based on my knowledge and training and experience derived from this

investigation and my participation in other investigations into federal workers' compensation

fraud, I know the following:

       a.     The Federal Employees' Compensation Act ("FECA"), 5 U.S.C.

§ 1807 <u>et</u> <u>seq</u>., provides compensation to federal employees for injuries sustained during the

performance of their workplace duties.  An employee may be disabled, and therefore eligible

to collect FECA benefits, either due to a sudden, "traumatic injury" or due to a physical or

mental condition that develops over time (an "occupational disease").

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to
establish probable cause to arrest, I have not described all the relevant facts and
circumstances of which I am aware.

3

b.      Under the statute, an employee who is totally disabled due to a

workplace injury and is married or has one or more dependents is entitled to benefits

equivalent to 75 percent of his federal salary during the period of his disability.  An

employee is totally disabled if, following his or her injury, the employee has no capacity to

earn wages or work in any position.  If an employee with dependents is only partially

disabled, his or her FECA benefits are limited to 75 percent of the difference between his or

her federal salary and his or her residual wage-earning capacity.  FECA benefits are not

subject to federal, state, or local income tax.

c.      FECA benefits are administered by the Office of Workers'

Compensation Programs ("OWCP"), a division of the United States Department of Labor

("DOL").  To receive FECA benefits for a traumatic injury, a federal employee must first

complete, sign, and submit to the OWCP a form entitled "Notice of Traumatic Injury Claim"

(a "Form CA-1").  The Form CA-1 requires the employee to describe the nature of the injury

for which he or she is seeking benefits and the relationship between that injury and the

employee's employment.  By signing the Form CA-1, the claimant certifies, "under penalty

of law," inter alia, that the injury upon which the claim is based "was sustained in

performance of duty as an employee of the United States Government and that it was not

caused by [his or her] willful misconduct," intent to injury his or her self or another person,

or intoxication.  Directly beneath the line for the claimant's signature, the form states:

> Any person who knowingly makes any false statement,
> misrepresentation, concealment of fact or any other act of fraud
> to obtain compensation as provided by the FECA or who
> knowingly accepts compensation to which that person is not
> entitled, is subject to felony criminal prosecution and may,

4

under appropriate provisions, be punished by a fine or imprisonment, or both.

d.      Upon the filing of a Form CA-1, the federal employer must continue the disabled employee's regular pay during any periods of disability, up to a combined maximum of 45 calendar days for any single injury.  To obtain compensation beyond this 45 day period, the employee must file a "Claim for Compensation Due to Traumatic Injury or Occupational Disease" (or "Form CA-7").  Except under certain circumstances that do not apply in this case, to receive benefits on a schedule that replicates his normal pay cycle, the claimant must file a new Form CA-7 every two weeks.

e.      Section Three of the Form CA-7 requires the complainant to indicate whether he or she "worked outside of [his or her] federal job for the period(s)" for which benefits are claimed.  The claimant is specifically directed to disclose "all earnings from employment . . .; including any employment for which [he or she] received a salary, wages, income, sales commissions, or payment of any kind," as well as "self-employment, involvement in business enterprises, [and] service with the military forces."  Section Three of the Form CA-7 also cautions that "[f]raudulently concealing employment or failing to report income may result in forfeiture of compensation benefits and/or criminal prosecution."

f.      Section Seven of the Form CA-7 requires the complainant to certify that the information provided in the Form CA-7 is true and accurate.   Section Seven of the Form CA-7 also advises that "[a]ny person who knowingly makes any false statement, misrepresentation, concealment of fact, or any other act of fraud" to obtain FECA benefits is subject to civil remedies and criminal prosecution.

5

        g.     A claimant who has been receiving FECA benefits for a sustained period of time and is unlikely to return to work due to continuing work place-related illness or injury in the near future is placed on the "periodic roll." A claimant included on the periodic role receives disability compensation automatically every 30 days and is not required to file Form CA-7 on a bi-weekly basis. Instead, each year, the claimant must complete sign and file a questionnaire known as Form CA-1032.

        h.     Form CA-1032 requires the claimant to disclose all employment activities in which he or she has participated in the 15 months prior to completing the form. The claimant is specifically informed "[i]f you performed any duties in any business enterprise for which you were not paid, you must show as rate of pay what it would have cost the employer or organization to hire someone to perform the work or duties you did." The final portion of the Form CA-1032 requires the claimant to acknowledge that false or incomplete reporting can give rise to criminal prosecution and forfeiture of benefits.

<u>THE PRESENT INVESTIGATION</u>

        3.     I have reviewed documents maintained by the United States Postal Service ("USPS") and OWCP regarding the defendant TWANNA LEE. From these documents I have learned the following, in substance and in part:

        a.     Since approximately June 14, 2015, LEE has been employed by USPS as a letter carrier in West New Brighton, Staten Island, New York.

        b.     On or about March 21, 2019, LEE completed, signed, and filed with OWCP a Form CA-1 (Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation). On the Form CA-1, LEE stated that on March 21,

6

2019, she was injured in a motor vehicle accident that occurred while she was working, and

that as a result she suffered "head and facial pain and contusion[s]."  LEE stopped work for

USPS the following day and subsequently submitted to OWCP a report prepared by a private

medical group practice, the name of which is known to me.  This report claimed that LEE

was "temporarily totally disabled" and unable to perform a variety of physical tasks; for

example, the report stated that LEE was unable to stand, sit, walk, climb, bend, twist, drive,

reach above her shoulders, or grasp items for any period of time.

        c.     LEE received a letter from DOL dated April 23, 2019, which

accepted her claim for a sprain of cervical spine ligaments and a sprain of lumbar spine

ligaments.  The April 23, 2019 letter directed that LEE "must report any employment or

employment activities on DOL CA-7 form[s]."

        d.     From May through July 2019, LEE completed, signed, and filed

with OWCP six Forms CA-7 seeking compensation for periods of total disability.  On each

of the forms, LEE checked the box marked "No," when asked to report "any and all earnings

from employment" outside of her federal job, including "payment of any kind," whether

received from "self-employment, odd jobs, involvement in business enterprises" or military

service during the period for which she was seeking FECA benefits.  Each of the applications

was granted, including: (i) a May 24, 2019 claim seeking compensation for the pay period

from May 6, 2019 through May 17, 2019; (ii) a June 4, 2019 claim seeking compensation for

the pay period from May 19, 2019 through May 31, 2019; (iii) a June 14, 2019 claim seeking

compensation for the pay period June 1, 2019 through June 14, 2019; (iv) a July 2, 2019

claim seeking compensation for the pay period June 15, 2019 through June 28, 2019; (v) a

7

July 15, 2019 claim seeking compensation for the pay period from June 29, 2019 through

July 12, 2019; and (vi) a July 26, 2019 claim seeking compensation for the pay period from

July 13, 2019 through July 26, 2019.

e.      LEE prepared the Forms CA-7 and submitted them by fax from

a fax line assigned to a location in the Eastern District of New York to DOL's offices in the

Southern District of New York.

f.      After July 2019, LEE was placed on the "periodic roll" and

continued receiving disability compensation automatically every 30 days.

g.      On or about February 29, 2020, LEE returned to light-duty work

at USPS, at which time she was officially restricted from "heavy lifting [greater than] 10

[pounds]," "excessive bending," "twisting," and "pulling."

h.      On or about March 29, 2020, LEE returned to work in full

capacity at USPS.

i.      In total, LEE received over $46,000 in federal workers'

compensation payments during the course of her alleged disability.  These payments

included both payments made by DOL and continuation of pay payments made by USPS

before DOL took over her claim.

4.      Beginning in and around August 2019, USPS OIG Special Agents

initiated an investigation that revealed that TWANNA LEE had misrepresented herself as

disabled in order to receive FECA benefits when in fact she was in robust physical health and

working as a real estate broker for a real estate company (the "Real Estate Company"), the

8

name of which is known to me, which she failed to disclose on the Forms CA-7 described above in paragraph 3(d).

5.      After reviewing public content of a Facebook account associated with TWANNA LEE (User Name: "Twanna Lachelle"), USPS OIG Special Agents identified multiple posts containing advertisements for open house events and for LEE's real estate services in general.

6.      On or about January 15, 2020, and January 28, 2020, USPS OIG Special Agents interviewed the owner of the Real Estate Company (the "Owner"), whose identity is known to me. The Owner confirmed that TWANNA LEE holds an active New York State real estate license and began working as a real estate agent for the Real Estate Company as an independent contractor in late 2018. At first, the Owner stated that he believed that LEE had not yet brokered the rental of any property while working for the Real Estate Company; however, he later confirmed that LEE had earned commissions on at least two rental properties. The Owner provided copies of the checks that the Real Estate Company paid LEE for brokerage commissions she had earned for her work securing those properties. LEE deposited one of those checks, in the amount of $360.00, and cashed the other check, in the amount of $2,160.00. The Owner also provided USPS OIG Special Agents with a copy of LEE's business card and a copy of LEE's real estate license that was effective throughout 2019. The Owner also informed USPS OIG Special Agents that LEE has since renewed her real estate license.

7.      In or around and between September and October 2019, USPS OIG Special Agents conducted physical surveillance of TWANNA LEE and captured her

movements in covert video recordings.  I have personally reviewed these, and they show

LEE performing a variety of physical tasks and activities including driving, walking without

assistance in heeled shoes, and loading and unloading various items—including multiple

large laundry bags, several smaller plastic bags, binders and a folding cart—into and out of a

car.

        8.      During their review of the public content in the Facebook account

associated with TWANNA LEE, USPS OIG Special Agents identified posts that referenced

LEE's trips to amusement parks and recreational resorts during the period in which LEE had

certified, as described above, that she was temporarily totally disabled.  For example, one

post included a photograph of LEE at Camelback Mountain Ski Resort in Tannersville,

Pennsylvania.  Another post included a comment about LEE's trip to Six Flags Over Texas

amusement park in Arlington, Texas.

        9.      On or about January 15, 2020, USPS OIG Special Agents interviewed

the treating physician who signed TWANNA LEE's Form CA-17 dated May 30, 2019, and

who submitted a letter to DOL on October 23, 2019 stating that LEE was "temporarily totally

disabled" (the "Physician").  The Physician stated, in sum and substance, that he did not

specifically recall attending to LEE.  The Physician further explained that the information on

the Form CA-17 reflected not only the results of an examination of the patient but also

information provided by the patent in an interview.   After reviewing surveillance footage of

LEE provided by USPS OIG Special Agents, which showed her driving, walking without

assistance in heeled shoes, and loading and unloading various items into and out of a car, as

described above, the Physician stated, in sum and substance, that if LEE had presented as

10

shown in the surveillance video at the time of her examination, the relevant medical

documentation would have been completed differently.

WHEREFORE, your deponent respectfully requests that the defendant

TWANNA LEE be dealt with according to law.

I further request that the Court issue an order sealing, until further order of the

Court, all papers submitted in support of this application, including the affidavit and arrest

warrant.  Based upon my training and experience, I have learned that criminals actively

search for criminal affidavits and arrest warrants via the internet.  Therefore, premature

disclosure of the contents of this affidavit and related documents will seriously jeopardize the

investigation, including by giving targets an opportunity to flee or continue flight from

prosecution, destroy or tamper with evidence and change patterns of behavior.


ALBERT LAROCCA
Special Agent
United States Postal Service
Office of Attorney General


Sworn to me through the transmission
of this Affidavit by reliable electronic
means, pursuant to  Federal Rules of
Criminal Procedure 41(d)(3) and 4.1,
this  9th day of September, 2020


THE HONORABLE CHERYL L. POLLAK
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   20 MJ 780 |
| TWANNA LEE | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant*

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   TWANNA LEE                                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment          ❑ Superseding Indictment          ❑ Information          ❑ Superseding Information          ☑ Complaint
❑ Probation Violation Petition          ❑ Supervised Release Violation Petition          ❑ Violation Notice          ❑ Order of the Court

This offense is briefly described as follows:

False statement or fraud to obtain Federal employees' compensation, in violation of Title 18, United States Code, Section 1920

Date:      09/09/2020                                   *Cheryl Pollak*
                                                                    *Issuing officer's signature*

City and state:      Brooklyn, New York                    Hon. Cheryl L. Pollak, Chief U.S.M.J.
                                                                    *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                    _____ |
|                                                                    *Arresting officer's signature* |
|                                                                    _____ |
|                                                                    *Printed name and title* |

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

_____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____    Weight: _____

Sex: _____    Race: _____

Hair: _____    Eyes: _____

Scars, tattoos, other distinguishing marks: _____

_____

History of violence, weapons, drug use: _____

_____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

_____

FBI number: _____

Complete description of auto: _____

_____

Investigative agency and address: _____

_____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

_____